# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-01034 VAP (DTBx)                    Date:  August 24, 2011

Title:     STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP;
           CLEARVUE OPPORTUNITY XV, LLC; FCI LENDER SERVICES;
           TITANIUM SOLUTIONS; WATERFALL VICTORIA MASTER FUND;
           MERS; QUALITY LOAN SERVICE CORP, TRUSTEE IN
           FORECLOSURE
=================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                          None Present
        Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR            ATTORNEYS PRESENT FOR
PLAINTIFFS:                      DEFENDANTS:

        None                             None

PROCEEDINGS:      MINUTE ORDER GRANTING IN PART AND DENYING IN
                  PART DEFENDANT LITTON LOAN SERVICING, LP's
                  MOTION TO DISMISS (IN CHAMBERS)

        Defendant Litton Loan Servicing, LP filed a motion to dismiss ("Motion") on
July 12, 2011.  (Doc. No. 11.)  The Court finds the matter appropriate for resolution
without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers
filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion in
part and DENIES it in part, for the reasons set forth below.

MINUTES FORM 11                          Initials of Deputy Clerk ___md____
CIVIL -- GEN                    Page 1

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

# I. BACKGROUND

## A.    Factual History
### 1.    Mortgage and Note
On December 15, 2005, Plaintiffs Steve and Laura Alfino (collectively,
"Plaintiffs") borrowed $284,000.00 from Fremont Investment and Loan ("Fremont")
to finance the purchase of a property at 35105 Calle La Coca, Temecula, California
92592 ("Property").  (FAC ¶ 11; Def.'s RJN Ex. A at 1-2, ¶¶ (B), (C), (F).)  In
exchange, Plaintiffs executed a promissory note ("Note") and deed of trust ("Trust
Deed").  (FAC  ¶ 12.)  The Trust Deed named Fremont as the trustee and MERS as
a nominee for the lender and the lender's successors and assigns.  (Def.'s RJN Ex.
A at 2.)  Plaintiffs allege that some time after they signed the Note, an additional,
undated page was added to the Note.  (FAC ¶ 14.)  Plaintiffs allege this page, which
was not disclosed to them, states, "Steven K. Patton, Vice President of Freemont
Investment & Loan signed and wrote above this signature on the Promissory Note:
'Pay to the order of Deutsch Bank National Trust Company ast Trustee for the
Holders of the Freemont Home Loan Trust 2003-3, Asset Backed Certificates,
Series 32002-3."  (FAC ¶ 14.)

### 2.    Loan Modification and Foreclosure Proceedings
Plaintiffs later defaulted on the loan, and Quality Loan Service Corp. ("Quality")
recorded a "Notice of Default and Election to Sell Under Deed of Trust" on August 5,
2009.  (Def.'s RJN Ex. B.)  Plaintiffs allege they entered into a loan modification
agreement with Litton, at some point thereafter.  (FAC ¶¶ 20-23.)  On August 1,
2009, Plaintiffs "made a payment[,] which was acknowledged, received and
accepted by Litton."  (FAC ¶ 16.)  On September 3, 2009, Plaintiffs received a check
from Litton in the amount of Plaintiff's August 1, 2009, payment, instructing Plaintiffs
to save the payment for the forthcoming loan modification agreement.  (Id. ¶ 19.)  In
February 2010, Plaintiffs received a letter and a "Loan Workout Plan" ("Plan") from
Litton.  (Id. ¶ 20.)  Plaintiffs "engaged the services of Financial Hope for America
[("FHA")] for assistance with the loan modification criteria and documentation
submi[ssion] process to Litton."  (Id. ¶ 21.)

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

Plaintiffs allege they entered into an agreement with Litton in February 2010. (FAC ¶ 23.)  Under the Plan, Plaintiffs were required to make three "trial payments" of $1,756.01, with the first payment beginning on March 1, 2010, and the last payment ending on May 1, 2010.  (Id. ¶ 22.)  Plaintiffs allege during that period, and continuing for four months thereafter,  Plaintiffs and Plaintiffs' agents from FHA called Litton to request status updates.  (Id. ¶ 25.)  As recently as August 8, 2010, Litton communicated to Plaintiffs that it required no further documents and was evaluating whether Plaintiffs qualified for the modification.  (FAC ¶ 26.)

Plaintiffs allege that on September 3, 2010, FCI Lender Services ("FCI") and Clearvue Opportunity XV ("Clearvue") sent Plaintiffs a joint letter stating that Clearvue had acquired Plaintiffs' loan on August 18, 2010, from Litton on behalf of Deutsch Bank, trustee for Freemont, and that FCI was the new servicer.  (FAC ¶ 28.) On September 16, 2010, Quality recorded a substitution of trustee, which substituted Quality as the trustee under the Trust Deed.  (Def.'s RJN Ex. C at 1.)  Plaintiffs later learned that FCI does not engage in loan modifications.  (FAC ¶¶ 27-28.)  Plaintiffs spoke with a representative from FCI, who advised Plaintiffs that the sale date for Plaintiffs' Property was set for September 20, 2010; the sale date was postponed for seven days for further review.  (Id. ¶ 30.)

On September 22, 2010, Plaintiffs received a letter from Waterfall Victoria Master Fun ("Waterfall") stating it had acquired Plaintiffs' loan and was the new creditor.  (Id. ¶ 31.)  Plaintiffs contacted Bram Norman at Clearvue, who advised Plaintiffs that the Waterfall letter was a mistake and Clearvue was the true assignee with authority to negotiate.  (Id. ¶ 32.)

On November 9, 2009, Quality recorded a "Notice of Trustee's Sale," which stated the Trustee's Sale would take place on November 30, 2011.  (Def.'s RJN Ex. D.)

## B.   Procedural History

On March 2, 2011, Plaintiffs filed this action in the Superior Court for the County of Riverside, asserting the following claims: (1) declaratory relief; (2) injunctive relief; (3) accounting; (4) common count for money received; (5) breach of fiduciary duty; (6) breach of contract; (7) fraud/intentional misrepresentation; (8)

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

fraud/negligent misrepresentation; (9) fraud/concealment; (10) fraud in the inducement; (11) conspiracy to defraud; and (12) unfair business practices. (See generally Compl.) Defendants Litton and Titanium Solutions ("Titanium") each filed a demurrer. (Doc. No. 1 (Not. of Removal) ¶ 1, Exs. 9 (Litton's Demurrer), 14 (Pls.' Opp'n to Litton's Demurrer), 17 (Litton's Reply), 20 (Titanium's Reply).) On May 25, 2011, the Superior Court for the County of Riverside granted Litton's and Titanium's demurrers, with leave to amend. (Not. of Removal ¶ 1.)

On June 3, 2011, Plaintiffs filed a first amended complaint ("FAC"), asserting the following claims: (1) quiet title; (2) wrongful foreclosure; (3) breach of contract; (4) fraud/intentional misrepresentation; (5) fraud/negligent misrepresentation; (6) fraud/ concealment; (7) fraud in the inducement; (8) conspiracy to defraud; (9) violation of the Truth in Lending Act ("TILA"); (10) violation of the Real Estate Settlement Procedures Act ("RESPA"); (11) unfair business practices; (12) declaratory relief; (13) injunctive relief; (14) accounting; and (15) common count: mistaken receipt. (See generally FAC.) On the basis of the FAC, which includes claims arising under federal law, Defendant Litton removed the action to this Court on July 5, 2011, on the basis of federal-question jurisdiction. (Doc. No. 1 (Not. of Removal).) In the Notice of Removal, Defendant Litton states, "All of the defendants in the State Court Action who have been served with the FAC, Clearvue Opportunity XV, LLC, FCI Lender Services, Titanium Solutions, MERS, and Quality Loan Service Corp., have consented to and join in Litton's removal of this action." (Not. of Removal at 2 (citing Proctor v. Vishay Intertechnology, Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (holding "the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant.")).)

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

On July 12, 2011, Defendant Litton filed the Motion and a request for judicial notice ("Def.'s RJN") with Exhibits A through G attached.[1]  (Doc. Nos. 11, 12.) Defendant Litton argues each of Plaintiffs' claims fail under Federal Rule of Civil

---

[1] Defendant Litton requests the Court take judicial notice of:  (1) Exhibit A:  the Deed of Trust on the Property, recorded in the Official Records of Riverside County on April 30, 200; (2) Exhibit B:  the Notice of Default, recorded in the Official Records of Riverside County on August 5, 2009; (3) Exhibit C:  the Substitution of Trustee, recorded in the Official Records of Riverside County on September 16, 2009; (4) Exhibit D:  the Notice of Trustee's Sale, recorded in the Official Records of Riverside County on November 19, 2009; (5) Exhibit E:  a letter from Litton to Plaintiffs dated February 3, 2010, and enclosing the Loan Workout Plan, also dated February 3, 2010; (6) Exhibit F:  the Loan Workout Plan, dated February 3, 2010; (7) Exhibit G: the Note dated April 24, 2003, and signed by Plaintiffs in exchange for the loan secured by the Deed, and the attached allonges.  (See RJN Exs. A-G.)

Judicial notice is proper where facts are "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "Facts contained in public records are considered appropriate subjects for judicial notice."  Metro. Creditors' Trust v. PriceWaterHouseCoopers, 463 F. Supp. 2d 1193, 1197 (E.D. Wash. 2006) (citing Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 (9th Cir. 2006)); Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (holding that courts may "take judicial notice of matters of public record outside the pleadings" on a Rule 12 motion).

The Court takes judicial notice of public records (Exhibits A through D, and Exhibit G) because they "are capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned" and are relevant to the discussion below.  The Court does not take judicial notice of the Workout Plan and accompanying letter (Exhibits E and F), however, because Plaintiffs dispute their accuracy and they are not "generally known" or "capable of accurate and ready determination."

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

Procedure 12(b)(6).  The same day, Defendant Titanium filed a motion to dismiss
("Titanium Motion").  (Doc. No. 13.)

On August 1, 2011, Plaintiffs filed an opposition to the Motion ("Opposition"),
with exhibits A through F attached (Doc. No. 19) and opposition to Defendant
Litton's RJN ("Pls.' Opp'n to RJN") (Doc. No. 20).  On August 2, 2011, Plaintiffs filed
a notice of voluntary dismissal as to Defendant Titanium, and the Court terminated
Titanium as a party the same day.  (Doc. Nos. 26, 27)  On August 8, 2011,
Defendant Litton filed a reply to the Opposition ("Reply") (Doc. No. 28) and a request
for judicial notice ("Reply RJN") (Doc. No. 29).

## II. LEGAL STANDARD
### A.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) (hereafter "Rule 12(b)(6)") allows a
party to bring a motion to dismiss for failure to state a claim upon which relief can be
granted.  As a general matter, the Federal Rules require only that a plaintiff provide
"'a short and plain statement of the claim' that will give the defendant fair notice of
what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson,
355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly,
550 U.S. 544, 555 (2007).  In addition, the Court must accept all material allegations
in the complaint as true and construe them in the light most favorable to the
nonmoving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005);
ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his
'entitlement to relief' requires more than labels and conclusions, and a formulaic
recitation of the elements of a cause of action will not do."  Bell Atl., 550 U.S. at 555
(citations omitted).  Rather, the allegations in the complaint "must be enough to raise
a right to relief above the speculative level."  Id.

In other words, the allegations must be plausible on the face of the complaint.
See Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).  "The plausibility
standard is not akin to a 'probability requirement,' but it asks for more than a sheer
possibility that a defendant has acted unlawfully.  Where a complaint pleads facts

MINUTES FORM 11                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                    Page 6

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (citations and internal quotations omitted).

Although the scope of review is limited to the contents of the complaint, the Court also may consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir, 844 F.2d at 649.

If a court concludes dismissal is appropriate, leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'"  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  Leave to amend should only be denied on a showing of bad faith, undue delay, prejudice to the opposing party, or futility of the amendment.  Royal Ins. Co. of Am. v. Sw. Marine, 194 F.3d 1009, 1016 (9th Cir. 1999).

## B.    Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") imposes a heightened pleading standard where a complaint alleges fraud or mistake.  Under Rule 9(b), to state a claim for fraud, a party must plead with "particularity the circumstances constituting the fraud," and the allegations must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee, 236 F.3d 1014, 1018-19).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).  Further, where a complaint has multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007) (internal

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

citations, quotations marks, and alterations omitted).  "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum identify the role of each defendant in the alleged fraudulent scheme." Id. (internal citations, quotation marks, and alterations omitted).

## III. DISCUSSION

### A.  Quiet Title

Plaintiffs' first claim is to quiet title.  To state a claim for quiet title, a plaintiff's complaint must: (1) be verified; (2) contain a legal description of the property; (3) specify the title plaintiff has and the basis therefor; (4) specify the adverse claims to plaintiff's title; (5) specify the date as of which the determination is sought; and (6) a prayer for determination of plaintiff's title against the adverse claims.  Cal. Code Civ. P. § 761.020.

Additionally, the California Supreme Court, California Court of Appeals, and district courts in every district in California have held that to state a claim, a plaintiff must tender, or offer to tender, the outstanding debt on a property.  See, e.g., Soto v. Wells Fargo Bank, N.A., No. CV 11–1405 PSG (DTBx), 2011 WL 1743296, *4 (C.D. Cal. May 6, 2011) (holding a plaintiff failed to state a claim for quiet title where the complaint did not "allege that Plaintiff has tendered, or has offered to tender, the debt secured by the property . . . ."); Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, (N.D. Cal. 2010) ("[A] borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property."); Perez v. Ocwen Loan Serv., LLC, No. 10CV1403 JLS (WVG), 2011 WL 2680503, at *6 (S.D. Cal. July 8, 2011) ("Under California law, 'a mortgagor cannot quiet title against the mortgagee without paying the debt secured.'") (quotation omitted); Alda v. Wells Fargo Bank, N.A., No. CIV S–11–925 MCE DAD, 2011 WL 2678886, at *4 (E.D. Cal. July 7, 2011) (holding "any claim to quiet title cannot lie in the absence of tender."); Shimpones v. Stickney, 219 Cal. 637, 649 (1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."); Ferguson v. Avelo Mortg., LLC, 195 Cal. App. 4th 1618, 1623 (2011) ("To bring an action to quiet title a plaintiff must allege he or she has paid any debt owed on the property."); Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (1994) ("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee") (citation omitted).

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

Here, Plaintiffs admit they neither have tendered the outstanding debt, nor offered to tender the outstanding debt.  (See Opp'n at 21.)  Additionally, Plaintiffs fail to identify the date from which the title determination is sought or identify the adverse claims Litton has made on the Property.  Indeed, as to the latter, Plaintiffs admit Litton "make[s] no claims that [it] has or had an ownership right to the [P]roperty."  (FAC ¶ 92.)  Nevertheless, Plaintiffs argue they should not be required to offer tender because the foreclosing party had no right to foreclose.  (Id.)  Even if the Court were to assume that to be true, Plaintiffs do not allege that Litton is the party seeking to foreclose on the Property or that it claims any interest in the Property.  As such, this argument fails on its face.  Moreover, as Plaintiffs admit that Litton does not claim an interest in the Property and is not the party seeking to foreclose on the Property, amendment would be futile.  Leave to amend should only be denied on a showing of bad faith, undue delay, prejudice to the opposing party, or futility of the amendment.  See Royal Ins. Co., 194 F.3d at 1016 (holding a court should deny leave to amend where amendment would be futile).   The Court accordingly GRANTS Defendant Litton's Motion to Dismiss Plaintiff's quiet title claim with prejudice, as to Defendant Litton.

## B.    Wrongful Foreclosure

Plaintiffs' second claim for wrongful foreclosure also fails because they have failed to comply with California's tender rule.

Under California law, a party seeking to set aside a foreclosure sale must make a "valid and viable tender of payment of the indebtedness owing" as an "essential part" of any action to cancel a voidable sale under a deed of trust.  In re Worcester, 811 F.2d 1224, 1230 (9th Cir. 1987) (quoting Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117-18 (1971)).  Thereafter, under the court's equitable powers, if the trustee's sale has not yet occurred, the court may halt the sale, or if the sale has occurred, the court may set aside the sale.  Id.  Where a party seeks equitable relief to stop or rescind a foreclosure sale but does not allege proper tender, the claim fails.  See LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th Cir. 1976) (reversing judgment in favor of borrower where rescission was not conditioned on tender of funds); Frison v. WMC Mortg. Corp., No. 09-1733 LAB NLS, 2010 WL 2894980, at *4 (S.D. Cal. Sept. 30, 2010) ("In other words, a plaintiff must plead that she has paid amount of indebtedness or at least is prepared to pay it if [injunctive

relief] is granted."); <u>Alicea v. GE Money Bank</u>, No. C 09-00091 SBA, 2009 WL
2136969, at *3 (N.D. Cal., July 16, 2009) ("When a debtor is in default of a home
mortgage loan, and a foreclosure is either pending or has taken place, the debtor
must allege a credible tender of the amount of the secured debt."); <u>U.S. Cold
Storage v. Great W. Sav. & Loan Ass'n</u>, 165 Cal. App. 3d 1214, 1222 (1985) ("[T]he
law is long-established that a trustor or his successor must tender the obligation in
full as a prerequisite to challenge of the foreclosure sale.").

As discussed in Section III(A) <u>supra</u>, Plaintiffs have not made or offered to
make a valid tender offer of the entire amount owed on their mortgage as required
under California law.  <u>See, e.g.</u>, <u>Saldate v. Wilshire Credit Corp.</u>, 686 F. Supp. 2d
1051, 1059-60 (E.D. Cal. 2010) (holding tender required to maintain wrongful
foreclosure action where sale has not yet occurred).  Moreover, Plaintiffs' argument
that they are exempt from this requirement is unavailing, because Defendant Litton
is not attempting to foreclose on the Property and currently neither owns nor
services Plaintiffs' loan.  (<u>See</u> FAC ¶¶ 27-29, 66, 89, 92.)  As Plaintiffs seek to enjoin
Defendant Litton from foreclosing, yet Plaintiffs have not alleged tender and
Defendant Litton is not the party foreclosing on the Property, the Court GRANTS
Defendant Litton's Motion to Dismiss Plaintiffs' wrongful foreclosure claim with
prejudice,[2] as to Defendant Litton.

**C.    Breach of Contract**
    Plaintiffs' third claim alleges Litton breached the terms of the "Workout Plan."
(FAC ¶¶ 102-138.)  To state a claim for breach of contract, a plaintiff must allege (1)
the existence of a contract, (2) plaintiff's performance or excuse for nonperformance,
(3) defendant's breach, and (4) damages as a result of the breach.  <u>CDF Firefighters
v. Maldonado</u>, 158 Cal. App. 4th 1226, 1239 (2008).  "If the action is based on an
alleged breach of written contract, the terms must be set out verbatim in the body of
the complaint or a copy of the written instrument must be attached or incorporated
by reference."  <u>Otworth v. S. Pac. Trans. Co.</u>, 166 Cal. App. 3d 452, 459 (1985); <u>see
also</u> <u>Saldate v. Wilshire Credit Corp.</u>, 268 F.R.D. 87, 104 (E.D. Cal. 2010) ("Where a

---

    [2] As above, Plaintiffs admit Litton is not the party seeking to foreclose on the
Property; accordingly, any amendment to the pleadings would be futile.

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

party relies in his complaint upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in haec verba, nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient.") (citation omitted).

Here, Plaintiffs fail to provide a copy of the alleged contract or set out verbatim what provisions of it were breached.  Moreover, Plaintiffs fail to provide supporting documents, such as correspondence and the alleged offer letter.  Plaintiffs argue they need not do so because a copy of the Plan was submitted in the Superior Court proceeding by Litton and is therefore part of the record upon removal, and because Litton also submitted a copy of the Plan as an exhibit within its RJN in support of the instant Motion.  (Opp'n at 4.)  Plaintiffs fail to note, however, that they object to admission of the letter and the Plan on grounds that (1) they include facts "subject to reasonable dispute and the accuracy of said fact[s] within the Exhibit can reasonably be questioned"; (2) they are hearsay not within an exception; and (3) "Plaintiffs dispute the interpretation and contents of the Loan Workout Plan and the Loan Workout Plan is subject to dispute which must be determined at trial."  (Pls.' Obj. to Defs.' at 2-3.)  Plaintiffs cannot have it both ways, i.e., they cannot argue that the Plan is already in the record and accordingly be relieved of their duty to provide it, but at the same time dispute the accuracy of the document in the record.

To the extent Plaintiffs wish to allege claims based on breach of the Plan, they either must submit it to the Court or set forth the terms verbatim.  Moreover, Plaintiffs' vague statements in the FAC are insufficient to plead the legal effect of the document.  As Plaintiffs neither attached these documents to FAC nor stated their terms verbatim, and have challenged the accuracy of the document Defendant Litton has submitted, Plaintiffs "have not satisfied the elements of their breach of contract claim."  Johnston v. Ally Fin. Inc., No. 11–CV–0998–H (BLM), 2011 WL 3241850, at *2 (S.D. Cal. July 29, 2011) (citing Saldate, 268 F.R.D. at 10; Otworth, 166 Cal. App. 3d at 459); Walters v. Fidelity Mortg. of Cal., 730 F. Supp. 2d 1185, 1200 (E.D. Cal. 2010) (holding, on similar facts, that a plaintiff's breach of contract claim failed because "plaintiff has neither attached these documents to her complaint nor stated their terms verbatim, and her allegations are too vague to plead the legal effect of either document."); Campbell v. Allstate Ins. Co., No. 95-1171, 1995 WL 376926, at *2 (C.D. Cal. May 17, 1995) (same).  Plaintiffs accordingly fail to state a claim for

MINUTES FORM 11                                  Initials of Deputy Clerk ___md____
CIVIL -- GEN                      Page 11

breach of contract.  Nevertheless, it cannot be said that Plaintiffs could never amend their pleadings to include the relevant terms verbatim or attach the Plain.  The Court accordingly GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' breach of contract claim, with leave to amend.

## D.  Plaintiffs' Fraud Claims

As set forth above, Plaintiffs must plead their claims for fraud with particularity. Fed. R. Civ. P. 9(b).  Plaintiffs bring the following fraud claims: their fourth claim for fraud/intentional misrepresentation, their fifth claim for fraud/negligent misrepresentation, their sixth claim for fraud/concealment, their seventh claim for fraud in the inducement, and their eighth claim for conspiracy to defraud.

### 1.  Fraud/Intentional Misrepresentation and Fraud/Negligent Misrepresentation

The elements of a claim for an intentional fraud claim in California are:  (1) misrepresentation (a false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Agosta v. Astor, 120 Cal. App. 4th 596, 603 (2004).  Negligent misrepresentation is "[t]he assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true."  Cal. Civ. Code § 1710(2).

Plaintiffs have not pled fraud or mistake with the required particularity.  When alleging fraud against a business entity, the pleading requirements are even stricter:

The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.

Tarmann v. State Farm Mutual Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991).

Here, Litton's alleged misrepresentations fall into  two categories – the first, related to the modification agreement, and the second, related to ownership of Plaintiffs' Note.  As to the first category, Plaintiffs do not allege any specific statements by Litton, and instead only generally allege, in a conclusory manner, that

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

Litton's employees represented that Litton would make a good faith determination of Plaintiffs' qualification for the Plan.  Aside from alleging these statements were false, Plaintiffs fail to state why they were false, or that Defendant Litton or its employees either knew these statements were false or had no reasonable ground for believing them to be false.[3]  The only allegation Plaintiffs offer in support of their claim that these statements were false is that Litton assigned the loan to another party.  This is insufficient to support a claim for intentional or negligent misrepresentation, as Plaintiffs fail to allege any facts substantiating the allegation that the Litton employees with whom Plaintiffs spoke actually knew or should have known that Litton planned to transfer the servicing of the loan to another party.  Thus, Plaintiffs' alleged misrepresentations related to the loan modification are not pled with the requisite specificity under Rule 9.

As to Litton's alleged misrepresentations regarding the Note, Plaintiffs allege Litton fraudulently assigned the Note to Waterfall by a Note allonge[4] signed by a former Litton employee.  (FAC ¶¶ 160-61.)  Plaintiffs also allege Litton concealed information regarding the owner of the Note.  (Id. at 164.)

Under California law, a Note maybe be assigned or transferred by its owner to another by a separate "allonge," attached to the note and containing an endorsement if there is insufficient space on the note itself for an endorsement.  See Pribus v. Bush, 118 Cal. App. 3d 1003, 1010-11 (1981) (holding that an owner may

_____

[3] Plaintiffs merely allege in a conclusory manner, "At all times, Litton's employees h[ad] represented to Plaintiffs that they . . . had the knowledge of Litton's intentions and were speaking for Litton.  Litton's employees either knew that their statements were false, or these statements were made with reckless disregard for the truth."  (FAC ¶ 148-49.)  These allegations are merely a boilerplate recitation of the elements and insufficient under Rule 9.

[4] Black's Law Dictionary defines allonge as follows:  "A slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements."  Black's Law Dictionary 76 (7th ed. 1999).

MINUTES FORM 11                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                          Page 13

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

assign or transfer a promissory note by an allonge attached to the note if there is insufficient space on the note itself); see also Miller & Starr, Cal. Real Est. § 10:38 (3d ed. 2000). Plaintiffs do not allege there was sufficient space on the note itself to record the transfer. Thus, the mere existence of an allonge attached to the Note is insufficient to support a claim for fraud.

Plaintiffs also allege Litton forged the signature of a former employee, Ms. Derouen, on the Note allonge. Plaintiffs state the Note was assigned to Waterfall in September 2010 or December 2010, and Ms. Derouen ceased her employment with Litton nearly four years before 2010. The Note allonge is undated, however. Defendants argue Plaintiffs' claim accordingly fail on this basis. (Mot. at 15-16.) The Court disagrees.

Taking Plaintiffs' allegations as true, and drawing all reasonable interferences from them in Plaintiffs' favor (here, that Plaintiffs were not notified of the Note's assignment to Waterfall until September 2010 and accordingly Ms. Derouen could not have signed the Note allonge a year earlier), Plaintiffs have alleged sufficient facts to support their theory, at this stage, that Litton forged Derouen's signature.

Plaintiffs also allege that Litton "blacked out" the "Loan No." and "Prev. No." on the Note to allow Litton to "pass off" the Note fraudulently, as pertaining to Plaintiffs' loan. (FAC ¶ 163.) Defendant Litton points out that Plaintiffs obtained this document from the bankruptcy proceeding, which required certain identifying information to be redacted, such as the loan number. (Mot. at 16 (citing C.D. Cal. Bankr. L.R. 79.5).) The Court finds Plaintiffs' allegations related to the blacking out of the loan number and other identifying information insufficient as a "misrepresentation" under California law.

Finally, Plaintiffs allege Litton concealed from Plaintiffs the party that owned an interest in the Note as well as the servicer of the loan. (FAC ¶¶ 164, 170.) Plaintiffs fail to allege sufficient facts to support this contention, however. In fact, in the FAC, Plaintiffs state that when they called Litton, Litton mentioned the new loan servicing company, FCI. (FAC ¶ 29.) Moreover, Plaintiffs fail to state how Litton concealed these identities, and fail to support their contention that Litton had an obligation to disclose the identity of the owner of the Note. Thus, Plaintiffs' allegations related to

MINUTES FORM 11                                          Initials of Deputy Clerk ___md____
CIVIL -- GEN                        Page 14

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

Litton's alleged concealment of the owner of the note are insufficient to support a claim for fraud.

Thus, the Court DENIES Defendant Litton's Motion to Dismiss Plaintiffs' claims for fraud/intentional misrepresentation and fraud/negligent misrepresentation as to Plaintiffs' claim that Litton forged the Note allonge, and GRANTS the Motion on all other grounds.

### 2.    Fraud/Concealment

Plaintiffs' sixth claim for fraud/concealment fails under Rule 9.  "[T]he elements of a cause of action for fraud based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a  result of the concealment or suppression of the fact, the plaintiff must have sustained damage." Levine v. Blue Shield of Cal., 189 Cal. App. 4th 1117, 1126-27 (2010).

As above, Plaintiffs allege Litton concealed that it was attempting to assign Plaintiffs' loan to other parties.  (FAC ¶ 190.)  Plaintiffs fail to allege facts to support their proposition that Litton had an duty to disclose this information to Plaintiffs, however.  Morever, Plaintiffs' allegations fail to establish that Litton's employees knew or should have known that servicing of the loan would be transferred to another entity.  Thus, these allegations are insufficient to support a claim for fraud/concealment.

In support of their fraud/concealment claim, Plaintiffs also allege Litton concealed the identity of the true owner of the Note.  (FAC ¶ 195.)  This argument fails for the reasons set forth above.  Accordingly, the FAC fails to state a viable claim for fraud/concealment against Defendant Litton.  Nevertheless, it cannot be said that Plaintiffs could never allege sufficient facts to support a fraud/concealment claim.  Thus, the Court GRANTS Litton's Motion to Dismiss Plaintiffs' fraud/ concealment claim with leave to amend, as to Defendant Litton.

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

### 3. Fraud in the Inducement

Plaintiffs' seventh claim, which alleges a claim for fraud in the inducement, also fails.  The elements for fraud in the inducement mirror the elements for California's common law fraud claims.  See Ausetero v. Aurora Servs., Inc., No. C–11–00490 JCS, 2011 WL 3359729, at *9 (N.D. Cal. Aug. 3, 2011).

To support this claim, Plaintiffs allege their "consent to enter into the Loan Workout Plan was induced by Litton's fraudulent misrepresentations that if Plaintiffs complied with the terms of the Loan Workout Plan, Plaintiffs would receive a permanent modification."  (FAC ¶ 200.)  This allegation is insufficient to support Plaintiffs' claim.  As set forth above in Section III (C) supra, Plaintiffs failed to include a copy of the Plan and dispute Litton's submitted copy.  As such, Plaintiffs' breach of contract claim fails, and this claim also must fail.  Also as above, however, it cannot be said that Plaintiffs could never sufficiently allege such facts or include the necessary provisions or attach the Plan to their Pleading.  The Court accordingly GRANTS Litton's Motion to Dismiss Plaintiffs' fraud in the inducement claim with leave to amend, as to Defendant Litton.

### 4. Conspiracy to Defraud

Plaintiff' eighth claim for civil conspiracy also fails.  "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration."  Applied Equip. Corp., Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510 (1994) (citation omitted).  "Standing alone, a conspiracy does no harm and engenders no tort liability.  It must be activated by the commission of an actual tort."  Id. at 511.  Further, to allege a claim for civil "conspiracy to defraud," a complaint must meet the particularity requirements of [Rule] 9(b).  Sandry v. First Franklin Fin. Corp., No. 1:10–cv–01923–OWW– SKO, 2011 WL 202285, at *4 (E.D. Cal. Jan. 20, 2011).

Plaintiffs allege Defendants "worked together to defraud Plaintiffs and to prevent Plaintiffs from knowing which company owned Plaintiffs' loan to which company Plaintiffs owed money and for how much, and therefore how Plaintiffs could cure and protest any alleged default."  (FAC ¶ 207.)  This statement is too conclusory to support Plaintiffs' claim that Defendants shared a common plan or

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

design.  Plaintiffs also allege Litton directed Titanium to visit Plaintiffs' Property to "make a visual inspection to determine the value in a sale and to attempt to persuade Plaintiffs to take other actions to breach the loan modification contract with Litton."  (FAC ¶ 216.)  Plaintiffs fail to explain what the "other actions" were or the basis for their belief that Litton sought to convince Plaintiffs to breach the agreement.  Finally, Plaintiffs fail to allege any facts showing how Litton could "direct" an employee of another company to act in a certain way, or why Litton should be held responsible for any actions allegedly undertaken by Titanium's employees.  This allegation accordingly does not meet the requisite specificity under Rule 9.

Moreover, as explained above, Plaintiffs, for the most part, have failed to adequately plead that any tort occurred, with the exception of Litton's alleged forgery of the Note allonge.  This tort, however, does not implicate the other Defendants and accordingly cannot serve as the basis of the alleged conspiracy.  The Court accordingly GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' conspiracy to defraud claim, as to Defendant Litton, without prejudice.

**5.      Violations of the Truth in Lending Act**

In the FAC, Plaintiffs bring their ninth claim for violations of TILA against Litton, Clearvue, and Waterfall.  Plaintiffs allege Defendant Clearvue "asserts it was assigned Plaintiffs' Note on December 21, 2010."  (FAC ¶ 220.)  Plaintiffs allege Defendant Clearvue never gave Plaintiffs notice of this assignment, however, "which Clearvue was required to do within 30 days after any assignment under [TILA]."  (Id.) The only allegation related to Plaintiffs' TILA claim, which mentions Defendant Litton is as follows:  "Clearvue, Litton, and Waterfall continually mislead Plaintiffs as the identity of the party who had rights to Plaintiffs' Note, violating the Truth in Lending Act."  (Id. ¶ 221.)

Plaintiffs' TILA claim fails for two reasons.  First, TILA excludes loan servicers. Litton is a servicer of Plaintiffs' loan and was not the original lender.  (FAC ¶ 66.) Loan servicers are exempt from liability under TILA.  15 U.S.C. §§ 1640, 1641. Plaintiffs make allegations in their Opposition for the first time that are not included in the FAC.  The Court has disregarded these allegations, as it must consider the sufficiency of the pleadings on a motion to dismiss, not the arguments of counsel. Moreover, Plaintiffs cite no authority for their proposition that a loan servicer may be

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

held liable under TILA in certain circumstances.  (Opp'n at 24.)

Secondly, Plaintiffs' allegations, as pled in the FAC, are insufficient to state a claim for TILA, i.e., Plaintiff fails to allege what Defendant Litton did or did not do.  As noted above, a plaintiff must provide the grounds for his entitlement to relief, which "requires more than labels and conclusions."  Bell Atl., 550 U.S. at 555 (citations omitted).  Here, Plaintiffs merely state, in a conclusory manner, that Defendant Litton "continually mislead [sic] Plaintiffs as the identity of the party who had rights to Plaintiffs' Note."  This is insufficient under Rule 12(b)(6).

As Litton is a loan servicer, and loan servicers are exempt under TILA, any amendment to the pleadings would be futile.  The Court accordingly GRANTS Defendant Litton's Motion as to Plaintiffs' TILA claim with prejudice.

## 6.  Violations of the Real Estate Settlement Procedures Act

Plaintiffs allege facts sufficient to support their tenth claim for violations of RESPA.

In the FAC, Plaintiffs allege "[a]ny servicer who has taken over as the servicer of a mortgage Note . . . is required by [RESPA] to notify the debtor of that fact with 15 days of the change in the servicer."  (FAC ¶ 224 (citing 12 U.S.C. § 2601).)

RESPA requires:

Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person . . . .  Each transferee servicer to whom the servicing of an federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer.

12 U.S.C. § 2605(b)(1) and (c)(1).

Litton argues Plaintiffs fail to state a claim because Plaintiffs admit Litton informed Plaintiffs that FCI was the new servicer.  (Mot. at 22.)  It is not clear from the FAC whether Plaintiffs' allegation that Litton "told" Plaintiffs refers to a verbal conversation or a communication in writing.  To the extent the communication was verbal, it would not comply with RESPA's requirement that the servicer inform the borrower in writing.  To the extent the communication was in writing, Litton did not violate RESPA.  In their Opposition, Plaintiffs contend the communications were only via telephone, and not in writing.  (Opp'n at 24-25.)  Plaintiffs accordingly have alleged sufficiently, at this stage, that Litton violated RESPA by failing to provide written notice when servicing of Plaintiffs' loan was transferred to another entity.  The Court, therefore, DENIES Defendant Litton's Motion to Dismiss Plaintiffs' RESPA claim.

## 7.    Unfair Business Practices

Plaintiffs' eleventh claim under California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200-17210, is wholly derivative of the other claims alleged in the FAC.  Thus, Plaintiffs' claim survives to the extent their other claims survive, as set forth in this Order.  The Court accordingly DENIES Defendant Litton's Motion as to Plaintiffs' Unfair Business Practices claim.

## 8.    Declaratory Relief

Plaintiffs' twelfth claim requests declaratory relief.  "[A]n action in declaratory relief will not lie to determine an issue which can be determined in the underlying tort action."  Gen. of Am. Ins. Co. v. Lilly, 258 Cal. App. 2d 465, 470 (1968); Cal. Code

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

Civ. Proc. § 1060.  "The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief."

Plaintiffs' allegations in support of their request for declaratory relief are duplicative of the other violations alleged in the FAC relating to the Workout Plan.  (See FAC ¶ 250.)  As set forth above, the Court finds those claims fail because Plaintiffs did not attach the Plan or recite the relevant provisions verbatim.  Moreover, because Plaintiffs' alleged harm can be redressed adequately by other forms of relief requested in the FAC, the Court GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' declaratory relief claim.  See Mickissack v. Wells Fargo Home Mortg., No. 09-1932, 2010 WL 2735858, at *7 (S.D. Cal. July 12, 2010).

Plaintiffs also request a declaration concerning the amount of Plaintiffs' monthly payment under the Note, claiming a discrepancy between the amount stated in the Note and what "Defendants have claimed" in an unidentified document.  (FAC ¶ 251.)  Plaintiffs' failure to identify the document and the amount in that document dooms their claim.  Moreover, whatever the unidentified document is, declaratory relief only operates prospectively and does not redress past wrongs.  See Babb v. Super. Ct., 3 Cal. 3d 841, 848 (1971).  Finally, Plaintiffs' request for declaratory relief against Litton fails because Litton no longer services Plaintiffs' loan (FAC ¶ 27), and accordingly any declaration against Litton would not operate prospectively, but rather to redress past harm.  As any amendment here would be futile,[5] the Court GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' declaratory relief claim with prejudice.

## 9.    Injunctive Relief

Plaintiffs' thirteenth claim to enjoin the non-judicial foreclosure fails for two reasons.  First, under both California and federal law, injunctive relief is a remedy and not a separate cause of action or claim.  See City of S. Pasadena v. Dep't of Trans., 29 Cal. App. 4th 1280, 1293 (1994) ("Injunctive relief is a remedy, not a cause of action."); Cox Commc'n PCS, LP v. City of San Marcos, 204 F. Supp. 2d

---

[5]  If Plaintiffs file an amended pleading, they may seek declaratory relief as a remedy for one of their other claims.

MINUTES FORM 11                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                        Page 20

1272, 1283 (S.D. Cal.2002) ("Injunctive relief, like damages, is a remedy requested by the parties, not a separate cause of action.").  Thus, a court may only grant injunctive relief if it determines that a plaintiff prevails on some independent cause of action and that equitable relief is appropriate.  City of S. Pasadena, 29 Cal. App. 4th at 1293; Martone v. Burgess, No. C 08-2379 CW, 2008 WL 3916022, *4 (N.D. Cal. Aug 25, 2008).

Second, as set forth above in Sections III(A), (B) supra, Plaintiffs' claims requesting injunctive relief fail because Plaintiffs did not allege tender.  As any amendment here would be futile,[6] the Court GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' injunctive relief claim with prejudice.

## 10.   Accounting

Plaintiffs' fourteenth claim requests an accounting.  A request for accounting can be alleged as a cause of action where:  (1) a defendant owes a fiduciary duty to a plaintiff; and (2) some balance is due to the plaintiff that can only be ascertained by an accounting.  See Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009).  Alternatively, to be entitled to an accounting, a plaintiff must demonstrate at least one of the following: a breach of fiduciary duty, fraud, or that the accounts are complicated and there is a dispute as to whether the money is owed.  See Union Bank v. Super. Ct., 31 Cal. App.4th 573, 593-94 (1995) (citing cases).

Under California law, lenders and loan servicers do not owe borrowers a fiduciary duty.  See Marks v. Ocwen Loan Servicing, No. 07-2133, 2009 WL 975792, *7 (N.D. Cal. April 10, 2009) (holding that loan servicers do not owe a fiduciary duty to borrowers).  Moreover, Plaintiffs fail to allege an accounting is necessary to ascertain an amount owed to them.  Rather, Plaintiffs state they seek an accounting to determine the amount of "money that is actually owed by Plaintiffs to Defendants." (FAC ¶ 261.)

---

[6] If Plaintiffs file an amended pleading, they may seek injunctive relief as a remedy for one of their other claims, however.

EDCV 11-01034 VAP (DTBx)
STEVE ALFINO; LAURA ALFINO v. LITTON LOAN SERVICING, LP, et al.
MINUTE ORDER of August 23, 2011

Finally, an accounting is not an independent cause of action, but instead a form of equitable relief.  Batt v. City & Cnty. of S.F., 155 Cal. App.4th 65, 82 (2007).  Plaintiffs' claim for an accounting accordingly fails.  As amendment here would be futile,[7] the Court GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' accounting claim as to Defendant Litton.

## 11.   Common Count: Mistaken Receipt

Plaintiffs bring their fifteen claim for "common count:  mistaken receipt."  As Defendant Litton correctly points out, Plaintiffs state contradictory allegations in support of this claim.  On the one hand, throughout the FAC, Plaintiffs allege they voluntarily entered into the Workout Plan and made payments during the "trial period" and then thereafter, in hopes of obtaining a loan modification; on the other hand, as to this specific claim, Plaintiffs claim they made the payments to Litton by mistake.  (See FAC ¶ 267.)

Moreover, "common count" is merely an unjust enrichment or quasi-contract action to recover money or other benefit received by mistake.  See FDIC v. Dintino, 167 Cal. App. 4th 333, 348 (2008).  As Plaintiffs' allegations related to their common count claim are exclusively related to the Plan, which is a contract, Plaintiffs must bring their claim as a breach of contract claim, not a quasi-contract claim.  Amendment here would be futile, as this claim is grounded in allegations related to the existence of a contract.  The Court accordingly GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' common count claim with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Litton's Motion in part and DENIES it in part, as follows:

(1) GRANTS Defendant Litton's Motion to dismiss Plaintiff's first claim to quiet title with prejudice, as to Defendant Litton;

(2) GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' wrongful

---

[7]  If Plaintiffs file an amended pleading, they may seek an accounting as a remedy for one of their other claims.

MINUTES FORM 11                                         Initials of Deputy Clerk ___md____
CIVIL -- GEN                        Page 22

foreclosure claim with prejudice, as to Defendant Litton;

(3) GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' breach of contract claim, with leave to amend;

(4) DENIES Defendant Litton's Motion to Dismiss Plaintiffs' fraud/intentional misrepresentation claim as to Plaintiffs' claim that Litton forged the Note allonge, and GRANTS the Motion on all other grounds;

(5) DENIES Defendant Litton's Motion to Dismiss Plaintiffs' fraud/negligent misrepresentation claim as to Plaintiffs' claim that Litton forged the Note allonge, and GRANTS the Motion on all other grounds;

(6) GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' fraud/concealment claim with leave to amend, as to Defendant Litton;

(7) GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' fraud in the inducement claim with leave to amend, as to Defendant Litton;

(8) GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' conspiracy to defraud claim with leave to amend, as to Defendant Litton;

(9) GRANTS Defendant Litton's Motion as to Plaintiffs' TILA claim with prejudice;

(10) DENIES Defendant Litton's Motion to Dismiss Plaintiffs' RESPA claim;

(11) DENIES Defendant Litton's Motion as to Plaintiffs' Unfair Business Practices claim;

(12)  GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' declaratory relief claim with prejudice, as to Defendant Litton;

(13) GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' injunctive relief claim with prejudice, as to Defendant Litton;

(14) GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' accounting claim with prejudice, as to Defendant Litton; and

(15)  GRANTS Defendant Litton's Motion to Dismiss Plaintiffs' common count claim with prejudice, as to Defendant Litton.

Plaintiffs may seek leave to file a second amended complaint, if any, by September 16, 2011.

**IT IS SO ORDERED.**